**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TORREY A. CLARK, | DOCKET NUMBER |
| Appellant, | CH-0752-14-0146-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 15, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dale L. Ingram, Esquire, Kansas City, Missouri, for the appellant.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective November 5, 2013, the agency removed the appellant from his Nursing Assistant position at its Kansas City Medical Center based on a charge of improper conduct. Initial Appeal File (IAF), Tab 4 at 50–53. The charge was supported by the following specifications: (1) in August 2013, the appellant asked a female coworker, P.O., "when are you going to send me some good photos of you?", entered his phone number into her cell phone and told her that she might need it, and later that day approached her in a patient's room and grabbed her buttocks; and (2) on August 21, 2013, the appellant grabbed P.O.'s breast, put his hand on her thigh, whispered in her ear, "I can be much better if you want me to," and licked her ear. *Id.* at 41–42.

¶3 The appellant filed an appeal in which he disputed the charges against him and challenged the reasonableness of the penalty. IAF, Tab 1 at 4, Tab 8 at 2–3. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 1 at 2, Tab 13, Initial Decision (ID). The administrative judge found that the agency proved that the

appellant had engaged in the charged misconduct based on P.O.'s testimony, which he found to be more credible than the appellant's testimony. ID at 3–10. Applying the factors for making credibility determinations set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge found P.O.'s testimony to be more credible than the appellant's citing her demeanor, the lack of any evidence that she had a motive to fabricate her allegations against the appellant, and the consistency of her testimony with her prior written statement. ID at 9–13. Consequently, the administrative judge sustained both specifications underlying the charge of improper conduct. ID at 13. He also found a nexus between the charge and the efficiency of the service, and determined that removal was within the bounds of reasonableness.[2] ID at 13–15.

¶4 The appellant has filed a petition for review in which he argues that the administrative judge erred in his credibility determinations, made erroneous factual findings, and improperly determined that the deciding official considered the relevant *Douglas* factors. Petition for Review (PFR) File, Tab 3 at 5–10, 17-34. The agency has responded to the appellant's petition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained the agency's charge.

*The administrative judge properly applied the Hillen factors in making the required credibility determinations.*

¶5 On review, the appellant argues that the administrative judge erred in sustaining the agency's charge by failing to follow the standards set forth in *Hillen*. PFR File, Tab 3 at 5. He asserts that the administrative judge erred in making broad credibility determinations and only referencing some of the material evidence. *Id.* at 6. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly,

---

[2] The appellant does not contest the administrative judge's finding regarding nexus, and we discern no basis for disturbing this finding on review.

on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). As discussed below, the appellant has not provided sufficiently sound reasons for overturning the administrative judge's credibility findings, which were based on his observation of the witnesses' demeanor. Further, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.[3] *Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010).

¶6   The appellant asserts that the administrative judge ignored inconsistent statements made by P.O. regarding where she was when the events underlying specification one occurred.[4] PFR File, Tab 3 at 29. P.O. testified that she was in the *hallway* outside of a patient's room showing the appellant and other coworkers pictures of her baby when the appellant asked her, "when are you going to send me some good photos of you?" in a suggestive tone. Hearing Compact Disc (HCD), Track 4 (18:50–19:52). The appellant asserts that such testimony is inconsistent with an August 21, 2013 interview statement that P.O.

[3] In support of his arguments, the appellant cites to *Furlough v. Department of the Army*, 39 M.S.P.R. 122, 124–25 (1988), where the Board remanded the case because the administrative judge failed to adequately explain his credibility findings. PFR File, Tab 3 at 6. Here, in contrast, the administrative judge clearly summarized the relevant testimony and explained why he found P.O.'s testimony to be more credible than the appellant's. ID at 3–13.

[4] The appellant also asserts that P.O.'s interview statement that she "noticed that [the appellant] punched his number into [her] phone" is inconsistent with her testimony that the appellant "grabbed [her] phone and put his number into [it]." PFR File, Tab 3 at 30; *see* IAF, Tab 4 at 23; Hearing Compact Disc (HCD), Track 4 (0:57-1:25:29). We find that such statements are not inconsistent. Similarly, we find unavailing the appellant's argument that P.O.'s statement that the appellant told her "[she] might need to use the number" is inconsistent with her testimony that the appellant stated she "needed to call him. Use it sometime." PFR File, Tab 3 at 30; *see* IAF, Tab 4 at 23; HCD, Track 4 (0:57-1:25:29).

gave to the agency's Equal Employment Opportunity Program Manager. PFR File, Tab 3 at 18, 29.

¶7    According to the Program Manager's notes of the August 21, 2013 interview, P.O. stated that, "[w]ithin the last 2 weeks, I was in a *patient's room*. I was showing [the appellant] pictures on my phone of my baby getting a bath." IAF, Tab 4 at 23 (emphasis added). P.O. testified that the interview statement was accurate. HCD, Track 4 (18:50–19:51). When asked specifically about the discrepancy in locations, she testified that the sentences separately were accurate, but it was not accurate that she was in a patient's room when showing the pictures to the appellant and that it appeared to her that a sentence was missing from the interview statement. *Id*. (42:30–45:20).

¶8    We find this discrepancy is not a significant factor in assessing P.O.'s credibility because the document was not prepared or signed by her and the phrasing of the statements is somewhat unclear.[5] Significantly, as the administrative judge found, P.O. made another statement on August 21, 2013, which she drafted and signed, and which is consistent with her hearing testimony. *See* ID at 9–10; IAF, Tab 4 at 25. Thus, we find that the weight of the evidence supports the administrative judge's finding that P.O. was a credible witness. *See Box v. U.S. Postal Service*, 51 M.S.P.R. 401, 404 (1991) (determining that the administrative judge properly found a witness's hearing testimony credible in light of other evidence of record, notwithstanding his prior inconsistent statements).

¶9    Next, the appellant contends that the administrative judge erred in finding the testimony of a coworker, M.F., was of limited probative value when, in fact, it conflicted with P.O.'s testimony and diminished her credibility. PFR File, Tab 3 at 19–22, 24–26. M.F. testified that she did not witness any interaction between

---

[5] The appellant similarly contends that the agency's notes of his interview inaccurately stated that he said something inappropriate and that "this happened before at another job and I got fired." IAF, Tab 4 at 33, HCD, Track 9 (2:20–3:30).

the appellant and P.O. but that she was working on August 21, 2013, the date P.O. alleged that the appellant grabbed her breast, rubbed her thigh, and licked her ear. HCD, Track 7 (1:30-15:30). She further testified that at some point that day she saw P.O. sitting in the hallway at a computer on wheels (COW) with her left side against the wall and that, if someone was going to talk to her, they would have done so on her right side. *Id.* P.O. testified that the appellant approached her on her left side on that date.[6] HCD, Track 4 (1:02–1:06:33).

¶10 The administrative judge found that, although M.F. was credible, her testimony was of limited probative value because she provided no time of day or other context for her observation. ID at 11. As the administrative judge determined, M.F. did not witness any interaction between the appellant and P.O., and she testified that the COWs are mobile. HCD, Track 7 (1:30-15:30); ID at 11. Thus, her testimony that she saw P.O. on August 21, 2013, sitting at a COW at a certain location, is not inconsistent with any testimony by P.O. that she was sitting at a COW at a different location when the appellant approached her. ID at 11. Accordingly, we defer to the administrative judge's finding that M.F.'s testimony did not detract from P.O.'s credibility. *Id.*

¶11 In addition, the appellant asserts that P.O.'s reaction to his alleged improper conduct is inconsistent with how a reasonable woman would have reacted. PFR File, Tab 3 at 22–23. The appellant further asserts that it is inherently improbable that he engaged in the alleged improper conduct because he has never been associated with such behavior in the past. *Id.* at 33–34. We find such arguments lack merit, constitute mere disagreement with the administrative judge's credibility determinations, and do not provide a basis to disturb the initial decision. *See Haebe*, 288 F.3d at 1301; *Diggs*, 114 M.S.P.R. 464, ¶ 8. After reviewing the record, we find that the administrative judge's credibility

---

[6] The cross examination regarding P.O.'s location was inadequately developed at the hearing. For clarity, P.O. offered to draw a diagram, but the appellant's counsel declined. HCD, Track 4 (1:02–1:06:33).

conclusions were complete, based on proper considerations, and consistent with the record, and we decline to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (the Board will give due deference to the credibility findings of the administrative judge where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

> *The appellant's remaining arguments regarding the agency's charge do not provide a basis for disturbing the initial decision.*

¶12     The appellant asserts on review that the administrative judge made "unsupported assumptions and inferences" and ignored deficiencies in the agency's case. PFR File, Tab 3 at 6–7, 26. He also asserts that the agency's investigation of P.O.'s allegations was insufficient and biased. *Id.* at 17–19. We find that such arguments do not provide a basis for disturbing the administrative judge's finding that the agency proved its charge.

¶13     An agency need only prove its charge by preponderant evidence. *See* 5 U.S.C. § 7701(c)(1)(B)). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q). The agency, therefore, was not required to offer all readily available evidence or provide "determinative proof of its case" as the appellant contends. PFR File, Tab 3 at 26. Thus, we find that the appellant has shown no basis upon which to disturb the administrative judge's finding that the agency proved its charge of improper conduct.[7]

---

[7] The appellant also argues that the administrative judge should have drawn an adverse inference due to the agency's failure to offer readily available evidence, such as P.O.'s telephone, and the agency's failure to investigate and call as witnesses any coworkers who may have overheard the appellant's inappropriate comments. PFR File, Tab 3 at 27–29. The appellant, however, had the opportunity to obtain relevant information from the agency through discovery. *See* IAF, Tab 2 at 3; 5 C.F.R. § 1201.73(a). To the extent the appellant is alleging that the agency failed to sufficiently respond to any of the administrative judge's orders to produce, the appellant failed to preserve any such objection below. *See Schroeder v. Department of Transportation*, 60 M.S.P.R. 566, 572–73 (1994) (finding that the appellants did not preserve their objection to the

<u>The administrative judge correctly determined that the penalty of removal was within the tolerable limits of reasonableness.</u>

¶14    On review, the appellant argues that the administrative judge erred when he concluded that the deciding official conducted a *Douglas* factors analysis. PFR File, Tab 3 at 7–10. In determining an appropriate penalty, an agency must review relevant mitigating factors, also known as the *Douglas* factors pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305–06 (1981). The Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶15    The administrative judge deferred to the agency's decision to remove the appellant after finding that the deciding official considered the relevant *Douglas* factors, including the nature and seriousness of the misconduct, the appellant's past work record, including length of service, performance on the job, and prior letters of counseling, and his potential for rehabilitation. ID at 14. We agree that deference was appropriate here. The appellant asserts that the deciding official failed to consider the *Douglas* factors because he did not draft the agency's *Douglas* factors analysis. PFR File, Tab 3 at 7–10. While it is true that the deciding official testified that he did not prepare the written *Douglas* factor analysis, he also testified that he reviewed it before signing it. HCD, Track 6 (44:15). The deciding official further testified that, in making the decision to remove the appellant, he regarded the appellant's misconduct as very serious and determined that a lesser penalty was not warranted in light of the gravity of the offense, which involved physical touching. HCD, Track 6 (8:00–13:00). He also

sufficiency of the agency's response to an order to produce because they did not file a second motion to compel or a motion for sanctions).

testified that he considered the appellant's 2 years of Federal service and the fact that the agency removed at least three other employees for similar misconduct. *Id.* As to the appellant's potential for rehabilitation, the deciding official testified that he viewed the appellant's two prior counselings as demonstrating a "trend of inappropriate behavior."[8] *Id.*

¶16    Accordingly, we find that the appellant has not shown that the deciding official failed to consider the *Douglas* factors in assessing the penalty, and we agree with the administrative judge that removal is within the tolerable limits of reasonableness. *See* ID at 15; *see, e.g.*, *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶ 20 (1999) (finding removal for inappropriate comments and physical contact was reasonable in view of the seriousness of the appellant's sexual misconduct and his supervisory role), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table). Based on the foregoing, we decline to disturb the initial decision affirming the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory

---

[8] For these same reasons, we also find unavailing the appellant's argument that the agency falsely misrepresented that the deciding official considered the *Douglas* factors. PFR File, Tab 3 at 9.

deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.